ALBERT R. WILDEY v FARMERS' MUTUAL FIRE INSURANCE COMPANY OF VAN BUREN COUNTY.

*Insurance—Loss of live stock in village barn.*

A mutual insurance company organized under How. St. ch. 132 is allowed to insure "live stock, wagons, carriages, harness," etc., "being upon farms as farm property." The by-laws of a certain company did not allow it to insure village property that was within one hundred feet of other buildings, and provided for canceling the policy if the situation of insured property was so changed as to increase the risk. *Held,* that the company would not be liable for a horse, harness, cushion and blanket insured as "personal farm property in buildings and on farm," but destroyed by fire while in the barn of a village hotel that stood within one hundred feet of other buildings.

Error to Van Buren. ·(Mills, J.)  Jan. 15.—Jan. 22.

ASSUMPSIT.  Defendant brings error.  Reversed

*Lester A. Tabor* for appellant.  The best construction of a doubtful contract of mutual insurance is that which the

company has always acted on and in which the members have acquiesced: May on Ins. §§ 173, 178; *Citizens' Ins. Co. v. McLaughlin* 53 Penn. St. 485; *Daniels v. Hudson River Fire Ins. Co.* 12 Cush. 416; *Winthrop v. Union Ins. Co.* 2 Wash. C. C. 7; *Aurora Ins. Co. v. Eddy* 49 Ill. 106; where a mutual insurance company is prohibited from taking risks within specified territorial limits, and the insured covenants not to increase the risk, the breach of these conditions avoids the policy: *Richards v. Protection Ins. Co.* 30 Me. 273; *Pindar v. Continental Ins. Co.* 38 N. Y. 364; *Jones v. Firemans' Fund Ins. Co.* 51 N. Y. 318; *Murdock v. Chenango County Mut. Ins. Co.* 2 N. Y. 210; *Roberts v. Chenango County Mut. Ins. Co.* 3 Hill 501; *Hayward v. Liv. & London Ins. Co.* 3 Keyes 456; *Steinbach v. Relief Ins. Co.* 13 Wall. 183; *Lee v. Howard Ins. Co.* 3 Gray 592; *Whitmarsh v. Charter Oak Ins. Co.* 2 Allen 581; *Boatwright v. Ætna Ins. Co.* 1 Strob. 281; *Langworthy v. Oswego & Onondaga Ins. Co.* 85 N. Y. 632; where a policy provided that if the risk should be increased by means within the control of the assured the policy should be void, it was *held* that if the assured did any act which increased the risk he could not recover: *Appleby v. Astor Ins. Co.* 54 N. Y. 253; *Cornish v. Farm Buildings Ins. Co.* 74 N. Y. 295; *Mamlok v. Franklin* 65 N. Y. 556; *Daniels v. Equitable Ins. Co.* 48 Conn. 105; *Gorman v. Hand-in-hand Ins. Co.* 11 Weekly Rep. 224; *Boynton v. Clinton & Essex Ins. Co.* 16 Barb. 254; *Annapolis & Elkridge R. R. v. Balt. Ins. Co.* 32 Md. 37.

*E. A. Crane* for appellee.   Insurance of farm property as such does not preclude recovery for its destruction while temporarily off the farm: May on Ins. 234; *Peterson v. Miss. Valley Ins. Co.* 24 Iowa 494; *Mills v. Farmers' Ins. Co.* 37 Iowa 400; *McCluer v. Girard Fire Ins. Co.* 43 Iowa 349; *Sawyer v. Dodge County Mutual Ins. Co.* 37 Wis. 503; *Fitchburg R. R. Co. v. Charlestown Mutual Fire Ins. Co.* 7 Gray 64; *Everett v. Continental Ins. Co.* 21 Minn. 76; *Edwards v. Farmers' Ins. Co.* 74 Ill. 84; *Longue-*

*ville v. Western Assurance Co.* 51 Iowa 553; *Holbrook v. St. Paul Fire and Marine Ins. Co.* 25 Minn. 229.

CAMPBELL, J. Plaintiff sued to recover insurance on a horse, harness, cushion and blanket, burned on the 6th of October, 1881, at a hotel barn in the village of Paw Paw near and within one hundred feet of other buildings.

The defense was that the policy did not cover this property when used and situated as it was when destroyed.

Defendant is a mutual fire insurance company organized under the statute of 1873, [How. St. ch. 132] and formed for the purpose of farm insurance. The entire property insured consisted of dwelling-house and contents, three barns and sheds and an item described as follows: "Personal farm property in buildings and on farm, $1000." The property burned, if insured at all, was part of this item. No other description is given, and the declaration instead of describing the property actually burned, avers the burning of all the property described in the policy.

The statute, which is closely followed in the articles of association, allows these companies to insure "dwelling-houses, barns, accompanying outbuildings and their contents, farm implements, hay, grain, wool and other products, live-stock, wagons, carriages, harness, household goods, wearing apparel, provisions, musical instruments and libraries, being upon farms as farm property." The articles allowed certain large tracts on the edges of villages to be included as farms, but the by-laws allowed no village property to be insured within one hundred feet of other buildings. They also provide for canceling the insurance where the situation of property is so changed as to enhance the risk. The court below adjudged a recovery, and while holding that the risk was enhanced, held that this was not done beyond what was contemplated.

The question for decision is whether under our statute and the articles and by-laws, property which is insured, not specifically, but only as included in "personal farm property in buildings and on farm," continues covered by insur-

ance when it is used and placed in a building remote from a farm and in a village, when the place of custody could not be insured by the defendant on any terms.

The case has been fully presented, and some decisions have been cited, which, if the facts were just such as those before us, would certainly lend force to plaintiff's arguments. But so far as we can gather from the statements in those cases they do not generally if at all resemble the present case in the restrictions put on the power of the company, or in the manner in which the property is described. Where particular property is specified as covered by the risk, it may very well be held covered though moved elsewhere, unless there are clear provisions to the contrary. But where property is only insured as farm property, it may be so restricted as to raise very different presumptions.

The loss here was by burning, and the only way in which live animals are likely to be burned is by the burning of such buildings as shelter them, or such surroundings as confine them. The situation of the building is, therefore, a very important consideration, because, where fire risks vary according to location, it is not reasonable to hold that any risks were designed to be covered except such as correspond with the rates and conditions of insurance. Under the present record no power existed in the officers of this company to insure any buildings but farm buildings, or any property but farm property. The reason for this is manifest. The statute and the articles and by-laws limit the risks to such as are likely to be very safe, and will not allow the ordinary risks of close habitations to be taken. No power is given to insure live-stock generally, but only farm stock. and all these provisions indicate clearly that the dangers of burning such animals, which the insurers are to guard against, are such burnings of property as are only within the exposure of farm dangers. We cannot satisfy ourselves that the company can be held liable for the burning of property under circumstances where a direct insurance would have been illegal. We are bound to look at the entire provisions and policy of these arrangements, and we

52 Mich.—29

do not think there can be an implied liability in any case where an express undertaking is forbidden. If the company had more general powers, the case might appear very differently. We do not think the defendant can under this policy be liable for the burning of any of the contents of a village hotel barn close to other buildings and used with them.

In our opinion the judgment cannot be supported by the finding, and it must be reversed and a judgment entered for defendant with costs throughout.

COOLEY, C. J. and CHAMPLIN, J. concurred.

SHERWOOD, J. dissenting. I cannot concur in the views my brother Campbell takes of this case. The field of operations of this company included the whole of Van Buren county, in which the place where the property destroyed was located. The policy covered farm property including the horse destroyed.

At the time of the loss the owner was in the village of Paw Paw on legitimate business, and placed the horse for a short time in a hotel barn where farmers were generally in the habit of placing horses when in town on business, and while there the barn took fire and the horse was burned to death.

The plaintiff's farm was but three miles from Paw Paw. The policy, in giving the location of the property insured, places it on section nine, it being the farm of the plaintiff, and I fully agree with Judge Mills, before whom the cause was tried, that the reference to the property in the application and policy, as being on section nine, was intended to identify it by locating the place where it was kept, and not as a limitation of the locality in which it must continually remain in order to preserve the insurance.

And I further agree with his finding that at the time the property was destroyed it was located and being used under such circumstances as is generally the custom among farmers. And it was contemplated by the parties to the contract that it would be so located and used; that they contemplated the property destroyed would be taken by

· plaintiff from the premises where it was needed in connection with plaintiff's ordinary use of the same, and while so removed might be subjected to greater risks than when on the farm; and that such increased risks, while in a hotel barn temporarily, as stated in the record, must have been contemplated and understood by the parties as within the contract of insurance. No other construction would seem to meet the necessities of the farmers, in whose interests this company was supposed to be organized.

I think the judgment rendered by the circuit judge was correct and should be affirmed with costs.