[Filed October 21, 1889.]

# N. P. ATTERBERRY, Respondent, v. THE PORTLAND & WILLAMETTE VALLEY R'Y CO., Appellant.

Where an appellant seeks to reverse the judgment of a circuit court, upon the ground that the respondent failed to prove a case sufficient to be submitted to the jury, he must make up a bill of exceptions containing all the evidence given in the case, and have attached thereto a statement or certificate to the effect that it contains all the evidence, and bring the same to this court with the transcript.

Appeal from a judgment of the circuit court for the county of Multnomah, entered in favor of the respondent and against the appellant upon the verdict of a jury.

The appellant is a railroad corporation, engaged in the transportation of freight and passengers upon its line of railroad in this State. The action was for personal injuries received by the respondent while a passenger upon the appellant's railroad from Smock's station to Portland, in consequence of its cars being thrown from the track. The respondent alleged in his complaint that the casualty occurred on account of the negligence and mismanagement of the appellant's agents in attaching to and making a part of its train of cars, two cars in front of the passenger-car thereof, in which the respondent was, being conveyed, filled with live cattle; that the said cattle-cars were so constructed that the boxes or cars containing the cattle were so much wider than the tracks of said railroad as to render it extremely unsafe to attach them so loaded with live cattle to a train carrying passengers, on account of the liability of the said cattle-cars to turn over, by reason of the cattle crowding to one side thereof, or being thrown against one side of the cars when passing around curves of the track; and said cattle were so carelessly and negligently loaded in said cars by the appellant as to permit them to crowd to one side of the cars, and by their weight throw the cars off the track; and that by reason of the premises said cars, together with the car in which the respondent was riding, were thrown from the track to the ground, a distance of nearly twenty feet; that respondent was thereby permanently injured, to his damage, etc. The appellant denied all the material allegations of the com-

plaint.   The jury returned a verdict for the respondent in the sum of $800.

*C. J. McDougall*, for Appellant.

*Raleigh Stott*, for Respondent.

THAYER, C. J.—The appellant seeks to reverse the judgment in this case upon the ground that the respondent failed to prove a cause sufficient to be submitted to the jury.   The counsel for the appellant, after the evidence for the respondent was given at the trial, moved for a judgment of nonsuit, which the circuit court overruled.   He thereupon submitted evidence on the part of the appellant, and after doing so renewed his motion for a nonsuit, which the said court again overruled.   He now brings the case to this court, and insists that the circuit court committed error in its said rulings.   He has brought here what purports to be the evidence in the case, but whether it is all the evidence does not appear by any statement or certificate.   It may be, and very likely is, the substance of all the evidence given upon the trial; but it has been repeatedly held that, unless the bill of exceptions contains an affirmative statement that such is the fact, this court will not consider it in determining whether or not it is sufficient to support the verdict.   The court will not infer that the evidence contained in the bill of exceptions is all the evidence given at the trial, unless the bill of exceptions contains a positive statement to that effect.   This rule is universally adhered to, and is founded, I suppose, upon the principle that the judgment of a court is evidence of its own rectitude; that the fact of its rendition creates a presumption in its favor that it would not have been given unless all the material facts in the case entitling the party to a recovery had been proved.   Such presumption is conclusive in a collateral action, and cannot be overcome in a direct proceeding except by a positive statement in the bill of exceptions to the effect that it contains all the evidence given upon the trial.   The point is conclusive against the appellant's right to a reversal of the judgment herein, and consequently it must be affirmed.