[Filed June 21, 1892.]

## P. M. COFFIN v. JAMES H. HUTCHINSON ET AL.

Nonsuit—Practice on Appeal.—The ruling of the court below denying ʀ motion for nonsuit, will not be considered on appeal unless the bill of exceptions shows affirmatively that it contains all the evidence given on behalf of plaintiff at the trial.

Jury Trials—Undisputed Evidence—Directing Verdict.—When there is no conflict in the evidence, the issue between the parties is one of law, to be determined by the court; and in such cases it is proper for the court to direct the jury to return a certain verdict to conform to the facts.

Union county: James A. Fee, Judge.

Defendants appeal. Affirmed.

This is an action to recover a balance of two thousand dollars, alleged to be due from the defendants to the plaintiff on account of the sale and conveyance by the plaintiff to the defendants of three hundred and forty acres of land situated in Union county, Oregon, for which the defendants agreed to pay him at the rate of fifty dollars per acre. The answer makes a qualified denial of the allegations of the

complaint, by adding thereto the words, "except as herein-after alleged."

The answer contains this further and separate defense: "And for a further and separate answer to plaintiff's complaint, defendants allege that, on or about the twenty-first day of March, 1890, defendants purchased from plaintiff a tract of land in the township and range alleged in the complaint (but defendants do not know whether it is in the same section described in the complaint or not), at and for the sum of fifteen thousand dollars, and paid plaintiff the purchase price therefor; that this is the only business transaction in the nature of purchase of real estate that defendants have ever had with plaintiff."

At the conclusion of the evidence on the part of the plaintiff, the defendants moved for a nonsuit, because the plaintiff had failed to prove a case sufficient to be submitted to the jury, which motion was overruled by the court, and the defendants excepted. The defendants declining to introduce any evidence, the jury, under instructions from the court, returned a verdict for the plaintiff upon which judgment was duly entered, and the defendants have appealed.

The notice of appeal contains three assignments of error: First, error of the circuit court in overruling defendants' motion for a nonsuit; second, error of the court in instructing the jury in said cause as follows: "Gentlemen of the jury, I instruct you to find for the plaintiff for the amount claimed, to wit, two thousand dollars, with eight per cent interest thereon from March 21, 1891"; third, error of the court in entering a judgment in favor of the plaintiff upon said verdict.

*J. W. Shelton*, and *J. M. Carroll*, for Appellants.

*T. H. Crawford*, and *R. Eakin*, for Respondent.

STRAHAN, C. J.—The motion for a nonsuit cannot be considered, because the bill of exceptions does not purport to contain all the evidence given upon the trial on the part

of the plaintiff. We think it highly probable from the course of the trial, that it does in fact contain all the evidence; but when the record fails to show it affirmatively, we cannot presume that it does. The error mainly relied on by the appellants was the direction of the court as to the verdict. None of the plaintiff's evidence is contradicted, nor are any of his witnesses attacked by impeachment or otherwise. From their evidence, it is plainly apparent that at the time the plaintiff signed the deed he did not remember or call to mind that he owned the extra forty acres included in it, but soon afterwards he called the fact to mind, and applied to have the error corrected; and the defendants, on a number of occasions, said to him that the forty-acre lot should be deeded back to him, or he should be paid for it. It is equally as apparent from the evidence that whatever and all the land the defendants purchased from the plaintiff, was to be paid for at fifty dollars per acre. That was the price settled upon by the agreement. We think that when the defendants were made aware of the mistake in the deed, and they were requested to deed back the forty acres, and neglected to do it, the plaintiff had the right to elect to sue for the price agreed upon for all the land; and that as long as the defendants retain the land, they are in no condition to make any technical contention as to the remedy the plaintiff has elected to pursue.

The general rule of practice undoubtedly is, that it is the province of the jury to weigh the effect of oral evidence, and to determine the credibility of the witnesses, and that the court cannot ordinarily interfere with that right. But this rule of practice cannot be permitted to interfere with another one equally as well settled, and that is, when there is no conflict in the evidence, no dispute as to the facts, there is nothing to submit to the jury, and the question is one of law to be decided by the court. In such cases, it is proper for the court to direct the verdict;

and a verdict thus ordered will be sustained if the law and facts disclosed by the evidence warrant it.    (2 Thomp. Trials, § 2343; *St. Johnsbury* v. *Thompson,* 59 Vt. 300; 59 Am. Rep. 731.)

A fair test in such case is, if the jury, in the absence of a special direction, were to find a verdict the other way, ought it to be set aside?    Testing this case by that rule, we do not hesitate to say that if the court had made no special direction in this case, and the verdict had been for the defendants, it would have been the duty of the trial court to have set the same aside, because it would have been wholly unsupported by the evidence.    All the evidence is the other way.    But this practice we are not disposed to encourage.    The safer course is to let the facts go to the jury, under proper instructions, unless the case is such that it is the duty of the court to declare the legal effect of the evidence.    In this case, however, the jury could have rendered no other verdict upon the facts before them.

For these reasons we affirm the judgment.