Argued March 18; decided June 15, 1896.

## SCHAEFER *v.* STEIN.
[45 Pac. 301.]

NONSUIT — BILL OF EXCEPTIONS — PRESUMPTION.— Where it is assigned as error that a motion of nonsuit was improperly overruled, and it does not appear affirmatively that the bill of exceptions contains all the evidence, it will be presumed in favor of the judgment of the lower court that there was sufficient evidence to warrant a submission to the jury.

APPEAL from Multnomah: H. HURLEY, Judge.

Action by August Schaefer against Samuel Stein to recover damages for breach of a contract by which the defendant agreed to sell and transfer to the plaintiff certain shares of stock in the Watson Fuel Company. There was a judgment for plaintiff and defendant appeals.          ·          AFFIRMED.

For appellant there was a brief by *Messrs. Starr, Thomas and Chamberlain,* with an oral argument by *Mr. Frank A. E. Starr.*

For respondent there was a brief by *Messrs. Mc-Ginn, Sears and Simon,* with an oral argument by *Mr. Nathan D. Simon.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is an action to recover damages for breach of a contract by which the defendant agreed to sell and transfer to the plaintiff certain shares of stock in the Watson Fuel Company. Upon the trial the defendant, insisting that the contract was in writing, interposed objections to all the evidence offered by the plaintiff which tended to show the understanding or agreement of the parties prior to the execution of the written contract. The plaintiff, however, contended that the contract was not in writing, and, in view of this disagreement, the court admitted conditionally all the oral evidence offered by plaintiff tending to show the agreement, reserving its ruling as to its competency until a later stage of the trial. Subsequently, on a motion for a nonsuit, it

having in the mean time appeared that the contract was in writing, the court struck out all the evidence of the plaintiff tending to show the understanding and agreement of the parties prior to the execution of the contract, but denied the nonsuit on the ground that there was some competent evidence tending to show the contents of the written agreement, and to this ruling the only assignment of error is directed. The evidence remaining may not be sufficient to sustain the verdict, but we are precluded from considering that question because it does not affirmatively appear that the bill of exceptions contains all the evidence before the court at the time the motion for a nonsuit was made. It may be and is probably true that such is the fact, but it has long been settled in this court that on an appeal from a judgment on the ground that a motion for a nonsuit was improperly overruled the court will presume, in favor of the judgment of the court below, that there was evidence sufficient to carry the case to the jury, although not shown by the bill of exceptions, unless the contrary is made to affirmatively appear: *Woods* v. *Courtney*, 16 Or. 121 (17 Pac. 745); *Roberts* v. *Parrish*, 17 Or. 583 (22 Pac. 136); *Atterberry* v. *Portland and Willamette Valley Railway Company*, 18 Or. 85 (22 Pac. 527); *Coffin* v. *Hutchinson*, 22 Or. 554 (30 Pac. 424). Now in this case there is no statement or certificate in the bill of exceptions to rebut the presumption in favor of the ruling of the court below, and hence the judgment must be affirmed.                    AFFIRMED.