## CARNEY v. DUNIWAY.

[57 Pac. 192, 58 Pac. 105.]

1. WAIVER OF MOTION FOR NONSUIT.—In view of Section 246, Hill's Ann. Laws, permitting defendant to have a judgment of nonsuit when plaintiff has failed to prove a cause sufficient to be submitted to a jury, a motion for a nonsuit is not waived by subsequently introducing evidence.

2. APPEAL—NO PRESUMPTION THAT ERROR WAS CURED.—Error affirmatively disclosed by the record will not be presumed to have been subsequently cured, where the record is silent in that respect: *Nickum* v. *Gaston*, 24 Or. 380, followed.

3. NOTES—ULTRA VIRES INDORSEMENT BY CORPORATION.—The production of notes and proof of defendant corporation's indorsement thereon in an action by the original payee does not raise the presumption that such indorsements

were made in the usual course of business, when the plaintiff himself testified to the facts and circumstances surrounding their execution and indorsement, which rebutted any presumption which might otherwise have attached by the production of the notes and proof of the indorsement: *Owens* v. *Snell*, 29 Or. 482, cited.

4. MOTION FOR NONSUIT—SUBSEQUENT EVIDENCE.—The doctrine that where defendant, after denial of a motion for nonsuit, gives evidence supplying the defect in plaintiff's case, the ruling on the motion will not be reviewed on appeal, does not apply where the bill of exceptions fails to show that defendant offered any evidence, or, if he did offer any, what it was: *Bennett* v. *Northern Pac. Express Co.*, 12 Or. 49, distinguished.

From Multnomah : HENRY E. McGINN, Judge.

This is an action by W. W. Carney against H. R. Duniway and the Brower & Thompson Lumber Company, a private corporation, to recover on four certain promissory notes, aggregating in amount about the sum of $17,000, made by the defendant Duniway and indorsed before delivery, "Brower & Thompson Lumber Co., by E. H. Thompson, Manager." The complaint after alleging the making of the notes by Duniway, and the incorporation of the Brower & Thompson Lumber Company, avers that the corporation, "for a valuable consideration to it paid, duly indorsed" such promissory notes, "and then and there promised and agreed to pay the same at maturity." Duniway made no defense to the action, and a judgment by default was rendered against him. The Brower & Thompson Lumber Company answered, denying, among other things, that it indorsed the notes in question for a valuable consideration or at all, and affirmatively alleged that such pretended indorsement was made without its authority by E. H. Thompson, its manager, for the mere accommodation of the defendant Duniway, and without consideration. The reply put in issue the affirmative allegations of the answer, and, among other things, alleged that all the stock of the Brower & Thompson Lumber Company, except a small number of shares, was owned and con-

trolled by Duniway and Thompson, and that the notes in suit were given for money advanced by the plaintiff to Duniway for the use and benefit of the defendant corporation and the Duniway Lumber Company. The trial resulted in a verdict and judgment for plaintiff against the Brower & Thompson Lumber Company, from which it appeals, assigning as error the overruling of its motion for a nonsuit made at the close of the plaintiff's testimony.                                        REVERSED.

For appellant there was a brief over the names of *Durham, Platt & Platt, Paxton, Beach & Simon,* and *Geo. W. Hazen,* with an oral argument by *Messrs. Jarvis V. Beach* and *Geo. H. Durham.*

For respondent there was a brief over the names of *Dolph, Mallory & Simon,* and *Geo. W. P. Joseph,* with an oral argument by *Mr. Joseph Simon.*

MR. JUSTICE BEAN, after stating the facts in the foregoing language, delivered the opinion of the court.

1. Before proceeding to a consideration of the merits, it is necessary to dispose of a preliminary question of practice, which it is insisted by the plaintiff's counsel will, when correctly determined, require an affirmance of the judgment without further examination. The bill of exceptions contains all the evidence given prior to the motion for a nonsuit, but does not affirmatively show that no evidence was introduced after the motion was overruled. The plaintiff contends that a defendant waives his motion for a nonsuit by proceeding with his defense and putting in testimony in his own behalf after the motion has been overruled, and it will be presumed that such proceeding was had in this case, in the absence of an affirmative showing to the contrary, but, if this is not

so, then, inasmuch as the court will not review the ruling on a motion for a nonsuit where the defect in the plaintiff's case has been cured by subsequent testimony (*Bennett* v. *Northern Pac. Express Co.*, 12 Or. 49, 6 Pac. 160), it will be presumed, where the record is silent, that such testimony was introduced after the motion was overruled. The rule in the federal and some of the state courts is that a motion by a defendant for an involuntary nonsuit or for a verdict in his favor is waived by the subsequent introduction by him of testimony in the further progress of the case : *Railway Co.* v. *Cummings*, 106 U. S. 700 (1 Sup. Ct. 493); *Columbia R. R. Co.* v. *Hawthorne*, 144 U. S. 202 (12 Sup. Ct. 591); *Union Ins. Co.* v. *Smith*, 124 U. S. 405 (8 Sup. Ct. 534); *Bogk* v. *Gassert*, 149 U. S. 17 (13 Sup. Ct. 738); Elliott, Gen. Prac. § 881. But such has never been regarded as the rule in this state, nor do we think it ought to prevail where the statute provides, as it does here, that a judgment of nonsuit may be given on motion of the defendant "when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury :" Hill's Ann. Laws, § 246. The Supreme Court of the United States holds that the federal courts have no power to order a nonsuit without the plaintiff's acquiescence : *Elmore* v. *Grymes*, 26 U. S. (1 Pet.) 469 ; *Crane* v. *Morris*, 31 U. S. (6 Pet.) 598 ; *Silsby* v. *Foote*, 55 U. S. (14 How.) 218; *Castle* v. *Bullard*, 64 U. S. (23 How.) 172. And in many states the rule is the same : 16 Am. & Eng. Enc. Law (1 ed.), 733. Where this doctrine prevails, the practice, when the plaintiff fails to make out his case, is for the defendant to move the court to direct a verdict in his favor ; and although, as said by Mr. Justice FIELD in *Oscanyan* v. *Arms Co.*, 103 U. S. 261, the difference between such a motion and one for a nonsuit is in many respects "rather a matter of form than of substance,"

yet it is sufficient to distinguish the practice where it prevails from what it should be under statutes similar to ours. Under our statute the defendant is entitled to an involuntary nonsuit, as a matter of right, if the plaintiff fails to prove a cause sufficient to be submitted to the jury ; and, in our opinion, he does not waive his motion by subsequently offering evidence in his own behalf, any more than he waives other points ruled adversely to him by proceeding with the trial.

2.   Nor do we think the court can indulge in any presumption that the error in overruling such motion was thereafter cured, unless it is made affirmatively so to appear. It is true, a general presumption obtains in all legal proceedings that a judicial tribunal acts according to law, and an appellant is required to rebut this presumption by showing clearly and affirmatively from the record that there is error in the proceedings sought to be reviewed. He must overcome every reasonable intendment in favor of the regularity of such proceeding, and when a material fact necessary to establish error is omitted from the record, the presumption on appeal is that it would have sustained the decision if included. It has accordingly been held that allowing a husband to testify to a conversation with his wife was not reversible error, in the absence of an affirmative showing that she did not consent to such testimony, either directly, or by offering herself as a witness (*Long v. Lander*, 10 Or. at p. 179) ; and, again, that the court would presume that evidence was given on the trial to warrant an instruction, if the record is silent (*State v. Lee Yan Yan*, 10 Or. 365). It is because of this presumption in favor of the regularity of the proceedings of the court below that it has been the uniform holding of this court, on an appeal from a judgment where the over-

ruling of a motion for a nonsuit is assigned as error, that the court will presume, in favor of such judgment, that there was evidence sufficient at the time the motion was made to carry the case to the jury, although not shown in the bill of exceptions, unless the record affirmatively shows the contrary: *Woods* v. *Courtney*, 16 Or. 121 (17 Pac. 745); *Roberts* v. *Parrish*, 17 Or. 583 (22 Pac. 136); *Atterberry* v. *Portland & Willamette Valley Ry. Co.*, 18 Or. 85 (22 Pac. 527); *Coffin* v. *Hutchinson*, 22 Or. 554 (30 Pac. 424); *Schaefer* v. *Stein*, 29 Or. 147 (45 Pac. 301). But, while the rule that error will not be presumed on appeal is well settled, it is equally true that where error is affirmatively shown it will not be presumed, because the record is silent, that it was subsequently corrected, or rendered harmless, but it must affirmatively so appear, or the judgment will be reversed. "While it is true that error will never be presumed," says Mr. Chief Justice STRAHAN, "the converse of the proposition is equally true. When error does affirmatively appear, it will not be presumed that it was rendered harmless or removed. If it were so, the respondent must see to it that the matter which renders it harmless or removes it is made to affirmatively appear in the bill of exceptions:" *Du Bois* v. *Perkins*, 21 Or. at p. 190 (27 Pac. 1044); *Nickum* v. *Gaston*, 24 Or. 380 (33 Pac. 671, and 35 Pac. 31); 2 Enc. Pl. & Prac. 426. If, therefore, the bill of exceptions in this case, which purports to contain all the evidence introduced on the trial up to the time of defendant's motion for a nonsuit, affirmatively shows that the plaintiff had not at that time proved a cause sufficient to be submitted to the jury, in consequence of which the defendant was, under the statute, entitled to a compulsory nonsuit, it will not be presumed that the error in overruling the motion was cured or ren-

dered harmless by some subsequent proceedings on the trial, in the absence of a showing to that effect.*

3. We come, therefore, to the consideration of the question as to whether the motion was well taken. The bill of exceptions discloses that the testimony given on behalf of plaintiff was to the effect that some time in 1891 the plaintiff entered into an arrangement with the defendant Duniway, who was president of a corporation known as the H. R. Duniway Lumber Company, and also of the defendant corporation, by the terms of which he was to, and did, advance and loan to Duniway the sum of about $20,000, in consideration of which he should be employed by the Duniway Lumber Company for the term of one year at a salary of $1,800, and at the end of which time he was to have the option of either a return of his money, with eight per cent. interest thereon, or such an amount of stock in the Duniway Lumber Company or the defendant corporation as it would purchase at a valuation to be determined in a specified manner. At the expiration of the contract he elected to demand the return of his money, but Duniway was unable to repay the same; and, after some considerable negotiation, it was agreed that he should make and execute to the plaintiff four promissory notes, described in the complaint, and that they should be indorsed by the defendant corporation, which was done accordingly. The testimony in relation to such indorsements is confined to the evidence of the plaintiff himself, from which it appears that Duniway first offered to give him unsecured notes, but this was not acceptable, and after several days' negotiation it was suggested by the plaintiff that the indorsement of the Brower & Thompson Lumber Company be obtained. This Duniway promised to secure, if possible, and, after some delay, finally succeeded

*Note.—See, also, *Cleveland Oil Co.* v. *Norwich Ins. Soc.*, 34 Or. 228.—Reporter.

in persuading Mr. Thompson, the manager of the company, to indorse its name on the notes; and thereupon they were delivered to, and accepted by, the plaintiff. This is the substance of all the testimony in reference to such indorsements, Thompson's authority to make them, and the consideration therefor, and shows nothing more than that they were made by Thompson for the accommodation of the defendant Duniway. Now, judicial authority is practically unanimous that, with certain exceptions, not material to be noted at this time, no corporation has the power, by any form of contract or indorsement, to become a surety or guarantor for another, and especially to make or indorse commercial paper for the mere accommodation of another: 1 Randolph, Com. Paper, § 332; 4 Thompson, Corp. §§ 5721, 5739; *Ætna Nat. Bank* v. *Charter Oak Life Ins. Co.*, 50 Conn. 167; *West St. Louis Sav. Bank* v. *Shawnee County Bank*, 95 U. S. 557; *Bank of Genesee* v. *Patchin Bank*, 13 N. Y. 309; *National Park Bank* v. *German-American Warehouse Co.*, 116 N. Y. 281 (22 N. E. 567, 5 L. R. A. 673).

Nor is this doctrine questioned by the plaintiff's counsel, but he contends that, the notes in suit having been produced, and the indorsements of the defendant corporation proved, it will be presumed that such indorsements were made in the usual course of business, and the burden of proving their validity is upon the defendant; citing *Kenny* v. *Walker*, 29 Or. 41 (44 Pac. 501); *Owens* v. *Snell*, 29 Or. 483 (44 Pac. 827); *Lafayette Sav. Bank* v. *St. Louis Stoneware Co.*, 2 Mo. App. 299. But the plaintiff himself testified in detail to the facts and circumstances surrounding the execution and indorsement of the notes, and thus rebutted any presumption which might otherwise attach to the mere production of the notes, and proof of defendant's indorsement thereon.

Many authorities are cited in reference to the rights of a *bona fide* purchaser of commercial paper, indorsed as the notes in question ; some of them being to the effect that "where a corporation has, under any circumstances, power to issue negotiable paper, the *bona fide* holder has the right to presume that it was issued under circumstances which gave the requisite authority, and the negotiable paper of a corporation, which appears on its face to have been duly issued by such corporation, and in conformity with the provisions of its charter, is valid in the hands of a *bona fide* holder :" *Genesee Sav. Bank* v. *Michigan Barge Co.*, 52 Mich. 446 (17 N. W. 790, and 18 N. W. 206). See, also, Daniel, Neg. Inst. § 165. But these authorities and this rule can have no application to the case in hand, because this action is brought by the original payee, and not by some person claiming to be a *bona fide* holder for value.

It follows from these views that the defendant's motion for a nonsuit was, upon the record as it stood at the time it was made, well taken, and the court erred in denying it. The judgment must therefore be reversed, but the cause will be remanded for such further proceedings as may be proper, not inconsistent with this opinion.

Reversed.

On Petition for Rehearing.

Mr. Justice Bean delivered the opinion.

4. In *Bennett* v. *Express Co.*, 12 Or. 49 (6 Pac. 160), the entire evidence was brought up, and the ruling, as indicated by the headnote, was that where a defendant, after his motion for a nonsuit has been overruled, goes into his defense, and supplies the defect in plaintiff's evidence, an appellate court will not review the ruling upon the motion ; but it was not held that the mere fact that the

defendant gave evidence in his own behalf after the mo-. tion was overruled operated as a waiver of the motion. In the case at bar the bill of exceptions does not purport to contain any of the evidence on behalf of the defendant, nor, indeed, does it show that any such evidence was given, and hence there is no room for an application of the doctrine of the *Bennett Case.* In *Atterberry* v. *Portland & Willamette Valley Ry. Co.,* 18 Or. 85 (22 Pac. 527), the bill of exceptions did not affirmatively show that the evidence material and necessary to the consideration of the ruling on the motion for nonsuit was contained in the record, and, in accordance with the uniform ruling of this court, the judgment was affirmed on that account. In *Coffin* v. *Hutchinson,* 22 Or. 554 (30 Pac. 424), the holding was that the ruling of the court below denying a motion for a nonsuit will not be considered on appeal unless the bill of exceptions shows affirmatively that it contains all the evidence given on behalf of the plaintiff. And the same is true of *Schaefer* v. *Stein,* 29 Or. 147 (45 Pac. 301). In neither of the cases referred to was the question material as to whether, in case the defendant's motion for a nonsuit is overruled, and he subsequently gives evidence in his own behalf, he thereby necessarily waives his motion, or as to whether, in case he appeals from the ruling on such motion, he must bring up all the testimony given on the trial. These questions were considered and passed on for the first time in the case at bar, and we do not understand that the conclusion reached conflicts in any way with the prior rulings and decisions of this court. The petition must therefore be denied, and it is so ordered.                REHEARING DENIED.