Submitted on briefs April 12, decided April 26, 1910.

# NORTHERN PAC. RY. CO. v. SPENCER.

## [108 Pac. 180.]

TRIAL—NONSUIT—WAIVER OF MOTION.

1. The introduction of evidence by defendant before disposal of a motion of nonsuit for insufficiency of proof, does not waive his motion.

TRIAL—NONSUIT—MOTION—JUDGMENT ON MERITS.

2. Where the court reserves decision on a motion for nonsuit for insufficiency of evidence, and the defendant introduces evidence, the court has no power to make findings or enter a judgment on the merits without disposing of the motion.

TRIAL—NONSUIT—VOLUNTARY NONSUIT—NONSUIT BY CONSENT.

3. Under Section 182, subd. 1, B. & C. Comp., defendant moved for a nonsuit for insufficiency of evidence, and, before final submission of the cause, plaintiff moved for a voluntary nonsuit under subdivision 3, but filed his motion too late. *Held*, that the action of the court in thereafter dismissing the action would be considered taken under subdivision 2, authorizing dismissal without prejudice with the written consent of the parties, since plaintiff's motion, though too late, amounted to an implied consent to defendant's motion, especially where the court failed to make any findings on any of the issues presented by the pleadings, as required by Sections 158, 159, B. & C. Comp.

JUDGMENT—RES JUDICATA—DISMISSAL OF ACTION.

4. The action of the court in dismissing an action before final submission cannot be taken as an adjudication on the merits, where no findings on the issue presented by the pleadings are made, since without findings such judgment could not be a bar to another action.

From Multnomah: THOMAS O'DAY, Judge.

Statement by MR. JUSTICE KING.

This is an action by the Northern Pacific Railway Co., against E. W. Spencer, doing business under the firm name and style of The Dalles Transportation Co., for the recovery of $660, alleged to be due plaintiff for the use by defendant of its wharf at the foot of Columbia street in Vancouver, Washington.

Defendant answered with the usual denials, amounting to a denial of any liability therefor, and as an affirmative defense pleaded a counterclaim, alleging neglect by plaintiff properly to care for freight left by defendant on the plaintiff's wharf, and demanding damages in the sum of $500, which counterclaim was thereafter, at defendant's

request, stricken out and the answer amended, omitting same. The proceedings are fully set out in the record of the judgment entry contained in the bill of exceptions, which reads:

"The above-entitled action having come on for trial on the 14th day of January, 1908, before the court without a jury (a jury having been waived), thereupon the defendant amended his answer by striking therefrom, with the permission of the court first had and obtained, the counterclaim therein contained; and evidence having been introduced on behalf of the plaintiff, and at the close of such evidence the defendant having moved the court for a judgment of nonsuit upon the ground that the evidence submitted by the plaintiff did not sustain the allegations of the complaint, and this motion having been taken under advisement and ruling thereon reserved, and thereupon the defendant having offered evidence in support of the allegations of his answer, and thereupon the plaintiff, by its counsel, having partially argued the questions of fact and questions of law involved herein, and the defendant, by his counsel, having partially argued the questions of fact and questions of law involved herein, the plaintiff thereupon moved the court for a judgment of nonsuit under Section 182 of the Bellinger and Cotton's Annotated Codes of Oregon, and the court having reserved its ruling on the defendant's motion for nonsuit, it is now ordered, adjudged, and decreed that the motion of the plaintiff for a judgment of nonsuit be and the same hereby is denied; and it is further ordered, adjudged, and decreed that this action be, and the same hereby is, dismissed, and that the defendant go hence without date, and that the defendant recover his costs and disbursements against the plaintiff in the sum of $47."

AFFIRMED.

For appellant there was a brief over the names of Messrs. *Carey & Kerr, Mr. A. L. Miller* and *Mr. Harrison Allen.*

For respondent there was a brief over the names of *Mr. Richard W. Montague* and *Messrs. Coovert & Stapleton.*

Mr. Justice King delivered the opinion of the court.

1. This appeal presents a unique and probably an unprecedented situation. Defendant, by motion, demanded that the action be dismissed for insufficiency of proof. Before being passed upon, and after defendant had rested his case, but before final submission of the cause, plaintiff also filed a motion, asking that the cause be dismissed, seeking thereby a voluntary nonsuit. The motion interposed by defendant came under subdivision 3, Section 182, B. & C. Comp., while plaintiff's motion was under subdivision 1 thereof. By the introduction of evidence before disposal of the motion, defendant did not thereby waive his motion for nonsuit (*Carney* v. *Duniway*, 35 Or. 131 [57 Pac. 192: 58 Pac. 105].)

2. Until defendant's motion was passed upon, the court had no authority either to make findings or to enter a judgment upon the merits. *Carroll* v. *Grande Ronde Elec. Co.*, 49 Or. 477 (90 Pac. 903.)

3. As held in the case last cited, defendant's motion, when granted, regardless of "how the judgment may be framed, or what recitals it may contain," could amount to nothing more than a dismissal without prejudice. Plaintiff's motion was filed under a different subdivision of the same section, and, while under Section 182 of the Code it came too late (*United States* v. *Humason* [C. C.] 8 Fed. 73), it had for its object the same purpose as the motion filed by defendant, and constituted an implied consent thereto; thus bringing the case within the requirements of subdivision 2 of the section mentioned, amounting to a nonsuit by written consent of the parties. That the court so considered and treated it may be implied from the fact that findings were not made on any of the issues presented by the pleadings, as expressly required by Sections 158, 159, B. & C. Comp. See *Jennings* v. *Frazier*, 46 Or. 470, 472 (80 Pac. 1011) ; *Freeman* v. *Trummer*, 50 Or. 287 (91 Pac. 1077) ; *Oregon Auto-Dispatch* v. *Portland Cord. Co.*,

51 Or. 583, 585 (94 Pac. 36: 95 Pac. 498) ; *Scott* v. *Ford*, 52 Or. 288, 295 (97 Pac. 99.)

4. However, it appears from the errors assigned and arguments in the briefs of the counsel for the respective parties that this appeal is predicated upon the assumption that the judgment as entered, unless reversed or set aside, constitutes an adjudication on the merits, and therefore a bar to another proceeding; but, in the absence of findings on the issues, it cannot possibly have such effect. A dismissal without such findings places the cause in a position analogous to an action where a jury trial is had, and the proceeding dismissed without a verdict (*Scott* v. *Ford*, 52 Or. 288, 295 (97 Pac. 99) ; and, regardless of what may be recited in the judgment, it can have no other effect. This position is fully sustained in *Carroll* v. *Grande Ronde Electric Co.*, 49 Or. 477 (90 Pac. 903), in which it is held that notwithstanding a judgment of nonsuit recited that certain facts were there determined, which is wanting here, it merely amounted to surplusage, and would not bar a subsequent action. Applying the principles there enunciated to the case in hand, the issues here not having been passed upon, the judgment entered only amounts to a dismissal without prejudice, the costs being but an incident to the judgment, and not adding to its force or effect. *Hoover* v. *King*, 43 Or. 281, 286 (72 Pac. 880: 65 L. R. A. 790: 99 Am. St. Rep. 754.)

The parties having received the relief demanded by their respective motions, neither is in position to complain. Finding no error in the record, the judgment is affirmed.                                         AFFIRMED.