Submitted on briefs January 14, reversed and remanded February 1, 1921.

# DAYTON v. FENNO.

### (195 Pac. 154.)

**Ejectment—Deed Naming Plaintiff as Grantee Admissible.**

1. In ejectment a deed of the premises to plaintiff offered by him, and material in establishing the nature of his estate, was admissible.

**Ejectment—Plaintiff must Prove Defendant's Possession.**

2. In ejectment plaintiff must prove as a necessary fact before he can prevail that defendant is in possession of the premises.

**Witnesses—Matters not Connected With Direct Examination may be Inquired into to Test Accuracy and Veracity.**

3. Matters not connected with the direct examination of a witness may be inquired into on cross-examination to test his accuracy, veracity and credibility.

**Witnesses—Cross-examination of Defendant as to Character and Nature of Possession Properly not Permitted.**

4. In ejectment defendant's counsel on cross-examination of defendant called as a witness by plaintiff was properly not permitted to inquire into the character and nature of his possession of the premises, a matter not gone into on direct examination.

**Trial—Motion for Nonsuit not Waived by Introduction of Evidence Unless Defect in Plaintiff's Evidence Cured.**

5. Motion for nonsuit is not waived by defendants' subsequently introducing evidence after denial of the motion unless the moving party cures the defect in plaintiff's evidence by establishing the material facts necessary to authorize recovery conformable to the averments of the complaint.

**Trial—Motion for Nonsuit Should not be Granted on Grounds Other Than Specified.**

6. Motion for nonsuit made at the close of plaintiff's evidence specifying specific reasons should not be granted on other grounds.

**Ejectment—Direction of Verdict for Plaintiff Improper in View of Evidence.**

7. In ejectment, in view of the evidence relating to plaintiff's title, consisting of an unsupported deed to him, the trial court erred in directing the jury to render verdict for plaintiff.

---

2. Nature and right of action in ejectment, see note in 116 Am. St. Rep. 568.

3. Extent of cross-examination of witnesses as to collateral matters, see note in 14 Am. St. Rep. 480.

From Deschutes: T. E. J. DUFFY, Judge.

In Banc.

The plaintiff commenced an action of ejectment against the defendant in the Circuit Court of the State of Oregon in and for the county of Deschutes. The complaint alleges: (1) The nature of the plaintiff's estate in the real property therein described; (2) that he is entitled to the immediate possession thereof; and (3) that the defendant wrongfully withholds possession of the same from him. The defendant, answering the complaint, denied each and every allegation thereof, and pleaded the nature and duration of his right to the possession of the premises involved. Issue was joined as to the new matter in the answer by the reply, and trial was had. At the conclusion of the testimony offered upon the part of the plaintiff, the defendant moved for a nonsuit, which was denied by the court. Thereupon the defendant offered testimony and, upon resting his case, the plaintiff moved for a directed verdict, which motion was granted by the court over the objection of the defendant. A verdict was returned by the jury in accordance with the order of the court, and thereafter judgment was entered upon the verdict adjudging that the plaintiff, F. E. Dayton, have and recover of and from the defendant, W. S. Fenno, the possession of the land described in the complaint. From the judgment entered the defendant appealed to this court, alleging error as follows:

"The court erred in admitting evidence on the part of the plaintiff and objected to by defendant as shown by bill of exceptions.

"The court erred in refusing to grant a nonsuit, at the close of the testimony of plaintiff, as moved for by defendant as shown by the bill of exceptions, page 4.

"The court erred in sustaining the objections of plaintiff to testimony offered by defendant as shown by the bill of exceptions.

"The court erred in directing a verdict for the plaintiff and taking the case from the jury when there was testimony on the part of the defendant showing that he had purchased the property in question from plaintiff and no proof having been offered that defendant was in any way in default, there being evidence which should have gone to the jury upon the question of the right of possession."

REVERSED AND REMANDED.

For appellant there was a brief submitted over the name of *Mr. W. P. Myers.*

For respondent there was a brief prepared and presented by *Messrs. Erskine & De Armond* and *Mr. N. G. Wallace.*

BROWN, J.—The record shows that the plaintiff, F. E. Dayton, when upon the witness-stand, testified that he was the same Dayton named as the grantee in a certain deed to real property marked for identification and later offered and admitted in evidence, bearing date the twenty-fourth day of December, 1917, executed by G. W. Horner and Carrie Horner, conveying to plaintiff the southwest quarter of the northeast quarter and the northwest quarter of the southeast quarter of section 27, twp. 16 south, R. 11 east, W. M. Upon plaintiff's offering the deed as evidence, defendant, by his counsel, interposed the following objection:

"At this time the defendant objects to the introduction of this deed, for the reason that there is nothing in the certificate and nothing in the record or in the evidence tending to show that this is the last instrument of record in the clerk's office pertaining to this land or the title to this land. They

might bring a deed here and offer it in evidence upon which a number of other deeds had afterward been drawn. They must show that this is the last record evidence of the title in order for it to be admissible, and we object to it unless that is done.''

1. The court overruled this objection, and the instrument (the deed) previously marked ''Plaintiff's Exhibit A for Identification'' was thereupon received in evidence. Defendant saved an exception. There was no error in the court's ruling. The deed offered and admitted in evidence was a conveyance of the premises from Dayton's grantors to himself as grantee, and it was material in establishing the nature of plaintiff's estate in the lands involved in litigation. The record further discloses that the plaintiff had not conveyed the premises, that the defendant was in the possession of the same at the time of the filing of the action and had been for over a year, and that possession thereof had been demanded. The defendant also objected to the testimony of the plaintiff wherein he testified that the defendant was in possession of the premises. The record shows the following question, objection, exception and answer:

''Q. At the time this action was filéd, Mr. Dayton, the exact date of which I do not remember, who was in possession of that property?

''Objected to as incompetent, irrelevant, and immaterial, unless it is shown that someone was in unlawful possession of it contrary to the desires and wishes of this plaintiff.

''The Court: Objection overruled.

''Mr. Myers: Save an exception.

''A. W. S. Fenno.''

2. One of the necessary facts to prove in the case before plaintiff could prevail, was the defendant's possession of the premises. How could unlawful possession be shown in the defendant unless plaintiff es-

tablished that the defendant was in possession? There
could not be unlawful possession without possession.
During the course of the trial, the plaintiff called the
defendant to the witness-stand, and the following col-
loquy ensued:

"Q. Mr. Fenno, at the time of the filing of this
action, were you or were you not in possession of the
lands described in this complaint?

"A. I was in possession.

"Q. And are you still in possession?

"A. As far as I know, yes, lawful possession.

"Q. Are you living there?

"A. Yes, sir.

"Q. Prior to the filing of this suit did you ever re-
ceive from Mr. Dayton a written demand for the
possession of this property?

"A. I received notice by the deputy sheriff. I
supposed it was some kind of a legal paper to begin
with until I examined it; I afterwards concluded it
was not perhaps, but I found out later it was not con-
sidered legal. It was a notice to get out, which I
did not observe.

"Cross-examination by defendant's counsel:

"Q. Mr. Fenno, you say you were in possession of
these premises at the time this action was instituted?

"A. Yes.

"Mr. Myers: I now hand to the reporter two cer-
tain instruments here, one backed in a cover, the other
upon yellow paper, and ask to have them joined to-
gether and marked as 'Defendant's Exhibit 1 for
Identification.' Instruments marked.

"Q. I now hand you, Mr. Fenno, Defendant's Ex-
hibit 1 for Identification, ask you to examine it and
state whether or not you were holding possession
under those instruments?

"Mr. Wallace: That is objected to as being incom-
petent, irrelevant, and not proper cross-examination,
and for the further reason that if admissible for any
purpose, it is admissible as a matter of defense, the wit-
ness not having been questioned as to his right of

possession or his reasons for holding the possession, the only thing propounded to this witness being that of the possession and demand.

"Mr. Myers: If the court please, when they place this witness upon the stand they make him their witness, they ask him relative to this possession, whether he had possession at the time, whether he had possession before, whether he had possession now. Now, we are simply going into the matter of this possession and as to what kind of possession it was.

"The court: The offer will be denied.

"Mr. Myers: Save an exception. That is all, Mr. Fenno."

The court committed no error in sustaining the objection. The witness had been examined in chief only upon the question as to whether or not he was in possession of the premises in controversy and as to whether he had been served with notice to quit. The character and the nature of the possession were not inquired into. That was a matter of defense. Our Code provides that the order of the proof shall be regulated by the sound discretion of the court: Section 853, Or. L. It further provides that "the adverse party may cross-examine the witness as to any matter stated in his direct examination, or connected therewith": Section 860, Or. L. Under the provisions of this section, a party may not cross-examine a witness on any matters other than those stated in the direct examination or properly connected therewith: *Ah Doon* v. *Smith,* 25 Or. 89 (34 Pac. 1093). In *Benson* v. *Johnson,* 85 Or. 677, 684 (165 Pac. 1001, 1003), it is said that :

"According to the weight of authority in the United States, the cross-examination of a witness is limited to an inquiry into the facts and circumstances connected with the matters brought out on the direct examination of the witness."

3, 4, It is a well-established rule of law that matters not connected with the direct examination of a witness may be inquired into for the purpose of testing the accuracy, veracity, and credibility of the witness: *State* v. *Savage,* 36 Or. 209 (60 Pac. 610, 61 Pac. 1128). But that was not the purpose of the cross-examination in this case.   It appears from the nature of the inquiry and the offer of the exhibits that the defendant was attempting to establish his case upon cross-examination.   The fact of defendant's possession was inquired into, as was the matter of his receiving notice to quit; but the reason of or his right to possession was not referred to, and therefore the court did not commit error in holding that the nature of such possession was not a proper subject matter for cross-examination.

Error is alleged because the court refused to grant defendant's motion for a nonsuit; likewise for the reason that the court directed a verdict in favor of plaintiff and against defendant.   Section 182, subdivision 3, of our Code provides that:

"A judgment of nonsuit may be given against the plaintiff as provided in this chapter * * when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury."

It is stated by this court in *Corby* v. *Hull,* 72 Or. 429, 433 (143 Pac. 639, 641), that:

"Upon a motion for a judgment of nonsuit, the testimony given by the plaintiff's witnesses, together with all the presumptions and inferences legitimately deducible therefrom, must be regarded as true: *Dillard* v. *Olalla Min. Co.,* 52 Or. 126 (94 Pac. 966, 96 Pac. 678) ; *Taylor* v. *Taylor,* 54 Or. 560 (103 Pac. 524) ; *Domurat* v. *Oregon-Washington R. & Nav. Co.,* 66 Or. 135 (134 Pac. 313)."

The rule governing the directing of a verdict, as laid down by this court in *Merrill* v. *Missouri Bridge Co.,* 69 Or. 592, 593 (140 Pac. 441), is as follows:

"When there is no conflict in the evidence, and no dispute as to the material facts of the case, the question for decision is for the court, and under such a state of facts, the court should direct the jury as to the particular verdict that they should find in accordance with the undisputed evidence: *Coffin* v. *Hutchinson,* 22 Or. 554 (30 Pac. 424); *Owens* v. *Snell,* 29 Or. 483 (44 Pac. 827); *Wolf* v. *City Ry. Co.,* 45 Or. 446 (72 Pac. 329, 78 Pac. 668); and *Patty* v. *Salem Flouring Mills Co.,* 53 Or. 350 (96 Pac. 1106, 98 Pac. 521, 100 Pac. 298).

"In *Coffin* v. *Hutchinson,* 22 Or. 554 (30 Pac. 424), the court says: 'The general rule of practice undoubtedly is that it is the province of the jury to weigh the effect of oral evidence, and to determine the credibility of the witnesses, and that the court cannot ordinarily interfere with that right. But this rule of practice cannot be permitted to interfere with another one equally as well settled, and that is, when there is no conflict in the evidence, no dispute as to the facts, there is nothing to submit to the jury, and the question is one of law to be decided by the court. In such cases it is proper for the court to direct the verdict; and a verdict thus ordered will be sustained, if the law and facts disclosed by the evidence warrant it.'"

In the case of *Wasiljeff* v. *Hawley Paper Co.,* 68 Or. 501 (137 Pac. 755), it is said by this court that:

"To support a verdict, there must be some legal evidence tending to prove every material issue upon which the person in whose favor the verdict was rendered had the burden of proof."

5. A motion for nonsuit is not waived by the defendant subsequently introducing evidence after denial of the motion, unless the moving party cures the

defect in plaintiff's evidence by establishing the material facts necessary to authorize a recovery conformable to the averments of the complaint: *Carney* v. *Duniway*, 35 Or. 133 (57 Pac. 192, 58 Pac. 105); *Northern Pac. Ry. Co.* v. *Spencer*, 56 Or. 250 (108 Pac. 180); *Patty* v. *Salem Flouring Mills Co.*, 53 Or. 363 (96 Pac. 1106, 98 Pac. 521, 100 Pac. 298).

6, 7. A motion for judgment of nonsuit made at the close of plaintiff's evidence, specifying specific reasons, ought not to be granted on other grounds. In the case at bar there was no suggestion in the motion for nonsuit that plaintiff had failed to establish *prima facie* evidence of title. At the conclusion of the case the court directed a verdict. This order of the court was erroneous. We have read the testimony with care. We have examined all the evidence relating to plaintiff's title, which consists of an unsupported deed from G. W. Horner and Carrie Horner. This deed was competent evidence; but it does not alone constitute sufficient evidence to prove title in plaintiff. There is no evidence in the record that tends to show that plaintiff's grantor or that plaintiff was ever in possession of the premises in controversy. In the case at bar the bare deed, unsupported by other evidence, is but a link in the chain of title necessary to be proved.

It is said in 9 R. C. L., page 843, Section 15, under the subject of ejectment, that:

"It is well established that, if the plaintiff in an action of ejectment or in the nature thereof relies on a record or paper title, he must show a regular chain of title from the government, or from some grantor in possession, or from a common source from which each of the litigants claims. No length of chain or paper title which does not reach the sovereignty of the

soil is sufficient in itself to constitute *prima facie* evidence of title.    There must, in addition, be proof that satisfies the jury that at least one of the grantors in this chain of deeds had been in possession of the premises, where the chain does not reach back to the sovereignty, before the defendant in possession can be required to defend his possession.''

To similar effect, see *Cottrell* v. *Pickering,* 32 Utah, 62 (88 Pac. 696, 10 L. R. A. (N. S.) 404 and full note.)

The 'court erred in directing the jury to return a verdict for the plaintiff.

For the error thus committed this case is reversed and remanded.    REVERSED AND REMANDED.