Argued March 22, affirmed June 12, 1923.

[WIEDEMAN v. CAMPBELL ET AL.

(215 Pac. 885.)

**Records—Failure to Register Transfer of Automobile by Purchaser Held not to Bar Him from Recovering Possession on Default of Conditional Sales Contract by His Vendee.**

1. That the purchaser of an automobile fails to report the transfer and have the license transferred by the Secretary of State in accordance with Section 4780, Or. L., providing that no sale or transfer of any registered motor vehicle shall be valid without compliance with this statute, does not bar him from recovering possession of the automobile after default on a conditional sales contract with a third person.

**Judgment—To be Res Judicata There must have Been an Opportunity for a Legal Trial on the Merits.**

2. A judgment is not *res judicata* unless it was rendered on a legal trial of the action, or at least a full opportunity for such trial, involving a consideration of the merits of the case, and settling the issues alleged to be concluded by it by a judicial determination duly entered.

**Judgment—Voluntary Nonsuit in Replevin Held not to Bar Subsequent Action.**

3. A judgment of nonsuit in replevin entered on plaintiff's motion pursuant to Section 182, Or. L., without adjudicating the merits or the rights of the parties, and merely providing for a return of the property, if any had been seized, is not *res judicata* in

subsequent action to recover possession for breach of a conditional sales contract; Section 184 providing that a judgment of nonsuit shall not have the effect to bar another action for the same cause.

**Trial—Motion by Both Parties for Directed Verdict in Action at Law a Waiver of Right to Trial by Jury.**

4. When both parties to an action at law move for a directed verdict, they waive their right to trial by jury, and the trial court is required, as a matter of law, to determine whether a verdict should be rendered for the plaintiff or for the defendant.

From Multnomah: JOHN McCOURT, Judge.

Department 2.

This is an action for the possession of an Apperson automobile. The action was originally commenced in the District Court for Multnomah County, and transferred to the Circuit Court. Upon a trial before the court and jury, a verdict was directed by the court in favor of plaintiff. From a resulting judgment defendant Campbell appeals.

The circumstances as shown by the record are substantially as follows: About October 20, 1919, plaintiff purchased from the Blue Mountain Motors Company of Pendleton, Oregon, the Apperson automobile in question, for the sum of $110. The car was registered for the year 1919, in the office of the Secretary of the State of Oregon. On November 19, 1919, the plaintiff sold the automobile to C. F. McQueen on a conditional sales contract, retaining title until fully paid. McQueen took possession of the car, and thereafter turned it over to a Mrs. Donahue, who caused the license to be transferred to herself. About the middle of December, 1919, Mrs. Donahue sold, or attempted to sell, the car to defendant William Campbell for $250. Campbell took possession of the car. He immediately caused the license to be transferred to himself, and on January 1, 1920, paid for and procured a new license for that year. On January 22, 1920, plaintiff informed de-

fendant that the car belonged to him, and that his sale
of the car to McQueen was upon a conditional contract
which was in default.   On the following day this ac-
tion was commenced.                          AFFIRMED.

For appellant there was a brief over the names
of *Mr. W. L. Cooper* and *Mr. B. W. Taylor,* with an
oral argument by *Mr. Cooper.*

For respondent there was a brief over the names
of *Mr. L. M. Lepper* and *Mr. C. C. Hall,* with an
oral argument by *Mr. Lepper.*

BEAN, J.—At the close of the testimony both
parties moved for a directed verdict.   We will here-
after refer to appellant William Campbell as defend-
ant, although there are other defendants named,
who did not appeal.

Defendant assigns that the trial court erred in
allowing plaintiff's motion for a directed verdict in
his favor, and denying defendant's motion for a
directed verdict in favor of defendant.   There is
little or no question in regard to the facts.   Ques-
tions of law determine the controversy.   Defendant
maintains that plaintiff cannot recover, for the rea-
son that when plaintiff purchased the automobile
which he conditionally sold to McQueen he failed to
report the transfer and have the license transferred
by the Secretary of State in accordance with the
provisions of Section 4780, Or. L.   The latter part
of that section provides thus:

"No sale or transfer of any motor vehicle regis-
tered under this act shall be valid without compli-
ance with the provisions of this section."

As to this point the case is governed by the ruling
in the case of *Briedwell* v. *Henderson,* 99 Or. 506

(195 Pac. 575). We have only to apply the law as announced by Mr. Justice BROWN in the Briedwell case. In that case as in this, there were three transfers of a motor vehicle, the third being upon a conditional sales contract. Upon the third transfer application was made to the Secretary of State to transfer the 1919 license. The conditions of the contract of sale being broken, the conditional vendor instituted an action to recover possession of the car. The same contention was made in that case, on account of noncompliance with the statute requiring a transfer of the license or registration, that is made in the present case. It was held in effect that the sale of the vehicle was invalid. Nevertheless the plaintiffs had such a special interest in the car that the law authorized them to maintain an action for its possession; that "the vehicle was not cast out from the protection of the law by reason of the plaintiffs' failure to observe the statute"; and that "although plaintiffs' title became defective, they came into possession of the car by lawful means." The same rule was indicated by Mr. Justice McCAMANT in *Swank* v. *Moisan*, 85 Or. 662, 669 (166 Pac. 962, 964).

The defendant in the case at hand is claiming title to the automobile by the same source that plaintiff asserts title. Whatever defect there may be in plaintiff's ownership of the car inheres in defendant's ownership or conditional claim of ownership.

1. The plaintiff was entitled to recover possession of the car in question notwithstanding his failure to observe the directions of the statute in regard to registration.

When the action was commenced in the District Court, a writ of replevin was issued which was quashed on account of error in the undertaking.

Thereupon a second action of the same kind was commenced, which came up for trial in the Circuit Court March 30, 1920. At that time the plaintiff moved for a voluntary nonsuit which was granted by the court, and it was ordered that the property, if any, seized upon the writ be returned to the defendant. After these proceedings the first action instituted, which is the case now at bar, was tried and determined. Upon the trial of the present case it was contended by the defendant, and is now asserted, that the judgment of nonsuit in the so-called second action was *res judicata,* and a bar to the present action.

2. In order for a former judgment to be *res judicata,* it must appear that the judgment was rendered upon a legal trial of the action, or at least a full opportunity for such trial, involving a consideration of the merits of the case, and settling the issues alleged to be concluded by it by a judicial determination duly entered: 23 Cyc. 1226.

3. The former judgment in question was purely a judgment of nonsuit, rendered on motion of the plaintiff pursuant to Section 182, Or. L. Section 184, Or. L., provides that "when a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause."

In rendering a judgment of nonsuit on motion of the plaintiff, the court cannot properly pass on the merits of the case or adjudicate the rights of the parties. Any attempt to do so would be a nullity: *Carroll* v. *Grande Ronde Electric Co.,* 49 Or. 478 (90 Pac. 903); *Northern Pac. Ry. Co.* v. *Spencer,* 56 Or. 250, 252 (108 Pac. 180).

The order made by the court in granting the motion for a nonsuit in the former case was that ''the property, if any, seized by the constable upon the writ of replevin issued herein shall be returned to the defendant.'' It was evidently not intended to have any effect, except to nullify the proceedings under the writ issued in that particular action. The order did not have any other effect. The former action mentioned was not a bar nor an estoppel in the present case. The former case was not a litigation of the matter involved in the present action.

4. It is assigned that the court erred in directing the verdict in favor of plaintiff, and refusing to submit the cause to the jury for its determination. As stated, at the close of the testimony each party moved for a directed verdict. The doctrine prevails in this court that in a civil case when both parties to an action at law move for a directed verdict they waive their right to trial by jury, and the trial court is required, as a matter of law, to determine whether a verdict should be rendered for the plaintiff or for the defendant: *Wilson* v. *United States Lumber & Box Co.* (Or.) 215 Pac. 491, opinion rendered May 29, 1923; *First National Bank* v. *Bach,* 98 Or. 332 (193 Pac. 1041), and cases there cited. In the present case the court was required to, and did properly direct the verdict. The verdict is supported by the testimony in the case. There was no error in granting the motion for such verdict.

When defendant Campbell attempted to purchase the car in question neither McQueen, nor Mrs. Donahue who had possession of the car, was the owner thereof. The car was not sold to the defendant under the authority, or with the consent, of the owner. Therefore he acquired no better title to the automo-

bile than the seller had.  The plaintiff was not pre-
cluded by his conduct from denying McQueen's and
Mrs. Donahue's authority to sell the car.  Therefore,
Section 8186, Or. L. which is invoked by defendant
does not aid his case.

As shown by the testimony the plaintiff demanded
of defendant payment of the balance due him for
the car, which was about $75.  This was all the right
that the defendant could justly or legally claim in
the premises.

Finding no error in the record, the judgment of
the trial court is affirmed.          AFFIRMED.

McBRIDE, C. J., and BURNETT and BROWN, JJ., con-
cur.