[No. 17515.   Department Two.   January 17, 1923.]

WILLIAM R. GRISSOM *et al.*, *Respondents*, v. THE CITY
OF SEATTLE, *Appellant*.[1]

STREET RAILROADS (20, 29)—COLLISION WITH AUTOMOBILE—CONTRIBUTORY NEGLIGENCE. The owner of a car, stalled on the street car tracks, was not guilty of contributory negligence, as a matter of law, in attempting to push the car off the tracks uphill, instead of down, where the grade was slight and hardly noticeable; nor in failing to flag the car in a position from which he could be seen, where it appears that he could have been plainly seen and the motorman did not stop because he thought he had room to pass.

SAME (20, 29)—CONTRIBUTORY NEGLIGENCE—ERROR OF JUDGMENT. In such a case the owner was not guilty of contributory negligence, as a matter of law, in jumping on the running board, where he was caught, where the street car had slowed down as though it would stop, and he was called upon to "jump quick," and could not have cleared the street car tracks by jumping in the other direction.

APPEAL (460)—HARMLESS ERROR—INSTRUCTIONS. Error cannot be predicated upon a correct legal instruction which may not have been applicable to the case, where the issues were clearly and concisely submitted and the jury could not have been misled.

Appeal from a judgment of the superior court for King county, Mills, J., entered March 31, 1922, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*Walter F. Meier* and *George A. Meagher*, for appellant.

*Thos. H. Bain*, for respondents.

MAIN, C. J.—The purpose of this action was to recover damages to an automobile and for personal injuries to the plaintiff William R. Grissom, which damages, it is claimed, were caused by negligence chargeable to the defendant city. The answer denied the charge of negligence contained in the complaint,

[1]Reported in 212 Pac. 264.

and plead affirmatively that the damages for which recovery was sought were due to the negligence of Grissom. The affirmative defense is denied by reply. Upon the issues thus formed, the cause came on for trial before the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of $750. The defendant interposed a motion for judgment notwithstanding the verdict and also for a new trial. Both of these motions were overruled and judgment entered upon the verdict, from which the defendant appeals.

The appellant owns and operates a street railway system in the city of Seattle. The respondents were the owners of an Essex automobile. On March 10, 1921, at about 10 o'clock p.m., the respondent William R. Grissom, accompanied by his wife, was driving the automobile south on Summit avenue. This avenue extends in a northerly and southerly direction. It is intersected by Howell and Olive streets, which extend in an easterly and westerly direction. At the intersection of Howell, Summit avenue makes a curve to the west to the extent of about the width of the street, and then extends southerly again. In the center of Summit avenue is a single street car track, over which the appellant operates cars. At the time above mentioned, the respondents came from the north, driving on the west side of Summit avenue. From Howell street to the north there is rather a heavy grade, and as the automobile came down this Grissom had it in low gear. In crossing the intersection and making the turn with the street, the automobile was driven across the street car track. After it had passed the intersection, and when Grissom attempted to shift it from low into a higher gear, the engine stopped. He tried to start it again by stepping upon the starter, but without avail. At this time a street car coming from

the downtown section turned into Summit avenue at
the intersection of Pine street with that avenue. After
seeing this car, Grissom got out of the automobile and
attempted to push it off the track. When the street
car was probably a block away, at about the inter-
section of Olive street and Summit avenue, he stepped
from the car and stood between the rails of the street
car track and waived his arms a number of times for
the purpose of signalling the motorman upon the ap-
proaching car and cause him to stop. Believing that
the motorman had seen his signal, he turned to the car
and continued his efforts to push it off.

When the automobile stopped, the two right-hand
wheels were to the west of the west rail of the street
car track and the two left-hand wheels were over that
rail. As the car approached, Grissom, believing that
the motorman had seen his signal and was going to
stop, continued his efforts to move the automobile,
observing the approach of the car. It appeared to
slow down and he believed that it was going to stop,
and when it was within fifteen or twenty feet of the
automobile, it gave a sudden start or increased its
speed. At this time Mrs. Grissom called to her hus-
band to "jump quick." In response to this he jumped
upon the running board, thinking that the car was far
enough from the track that it would not strike him
there, but knowing that a part of the automobile would,
of necessity, be struck because the left-hand wheel was
still over the west rail of the track.

The automobile was struck by the street car, and
Grissom was injured by being pressed between the
street car and the automobile. It is needless to say
that the evidence as to the manner of the happening
of the accident is in conflict. The action, as above
stated, was to recover for the damage to the automo-

bile, which was slight, and for the personal injuries to Mr. Grissom. Upon this appeal it is not claimed that the motorman was free from negligence, but the first contention is that Grissom was guilty of contributory negligence, as a matter of law, in three respects: (a) that he endeavored to push the automobile uphill instead of trying to shove it to the back and down grade; (b) that he failed to flag the oncoming street car where he could be seen by the operator of that car; and (c) that he failed to take precautions to avoid injury that an ordinarily careful or prudent person would have under like circumstances and conditions.

There is no merit in the claim that Grissom was guilty of contributory negligence in attempting to push the automobile up grade in his endeavor to get it off the track. Where the automobile was standing, it is true, the grade of the street is one and one-half per cent downward to the north. This grade, to the ordinary observer, would be practically level. In addition to this, the evidence offered on behalf of the appellant on this matter indicated that the reason the automobile could not be pushed readily was that it was in gear and not in neutral, that the brakes were set, and that when it was placed in neutral and the brakes released, it was easily moved in the direction in which Grissom was attempting to move it. The evidence offered by the respondents was that the automobile was in neutral and the brakes had been released prior to the time that Grissom attempted to push it off the track.

As to the charge of failure to flag the street car from a position he could be seen without difficulty, there is likewise no merit. The street lights at the time were burning and the automobile headlights were on, as well as the headlight of the street car. There was nothing

to obstruct the view between the automobile and the approaching street car. There was evidence to the effect that, after the collision, the motorman was asked why he did not stop, and replied that he thought that, until he got very near the automobile, there was sufficient room to pass.

The principal contention, as we understand the appellant's position, upon the question of contributory negligence is that Grissom, in jumping to the running board of the automobile instead of to the east side and clear of the track, was guilty of contributory negligence, in that he failed to act as an ordinarily prudent and careful person would have acted under the circumstances. The evidence is that he believed that the motorman saw him and was going to stop, as the car had been slowed down until it was within fifteen or twenty feet of him, when it gave a sudden start and his wife called to him, ''jump quick.'' There is evidence that the car was so close that he could not have cleared the track by attempting to jump in the other direction. In any event, his conduct cannot be said to be more than an error of judgment, and such an error would not preclude recovery as a matter of law. As pointed out in *Reed v. Tacoma R. & P. Co.,* 117 Wash. 547, 201 Pac. 783, error of judgment is not necessarily negligence, but the correct test is, did the person act as a reasonably prudent person would have acted under similar circumstances? The question was one for the jury, and not one of contributory negligence as a matter of law.

The appellant also objects to one instruction given by the trial court. This instruction purported to state the substance of an ordinance of the city of Seattle, and it is claimed that a certain portion of it does not apply to the operation of street cars. Even if this be

true, the giving of the instruction was not error. It no more than embodies a statement of the law properly applicable to the operation of a street car even in the absence of an ordinance. Assuming, however, that this instruction should not have been given with the part objected thereto contained in it, it nevertheless was not error. The questions in the cause, by other instructions, were clearly and concisely submitted to the jury and they could not have been misled by anything appearing in the instruction complained of.

The judgment will be affirmed.

PARKER, FULLERTON, and TOLMAN, JJ., concur.