738; 6 R. C. L. Supp. p. 792. (2) 39 C. J., p. 1109, §1304. (3) Workmen's Compensation Acts—C. J. p. 139. §167 (Anno); anno. L. R. A. 1916A, 118; L. R. A. 1917D, 148; 28 R. C. L. p. 762. (4) 37 Cyc. p. 374. (5) Workmen's Compensation Acts—C. J. p. 9, §5; 28 R. C. L. p. 759; 5 R. C. L. Supp. p. 1560. (6) Workmen's Compensation Acts—C. J. p. 139, §167 (Anno). (7) 36 Cyc. p. 1066. (8) 12 C. J. p. 951, §465; p. 1128. §855; p. 1283. §1092; 36 Cyc. p 995.

## OKLAHOMA UNION RY. CO. v. BURGESS.

No. 17433—Opinion Filed April 5, 1927.

(Syllabus.)

1. **Railroads—Collision of Interurban Car with Automobile--Negligence--Sufficiency of Petition.**

Allegations of a petition, in an action against an electric interurban railway company for injuries received in a collision between one of its cars, while being operated on the streets of a city, and an automobile in which plaintiff was riding, that the defendant negligently drove its car against said automobile. are sufficient as against an objection to the introduction of evidence where no motion to make more definite and certain or demurrer is interposed.

2. **Same—Care to be Exercised by Motorman Towards Vehicles on Streets.**

It is the duty of a motorman operating an electric interurban car on the streets of a city to keep a lookout for vehicles on the track, and when he discovers, or in the exercise of ordinary care, by keeping a lookout, should discover, the presence of a vehicle on the track in a place of apparent peril, it is his duty to exercise ordinary care to prevent a collision, and when it becomes apparent that the track is occupied by a vehicle which cannot be gotten off in time to avoid a collision, it is his duty to bring the car to a stop, and failure to do so is negligence.

3. **Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

In a civil action triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

Error from District Court, Creek County; Fred A. Speakman. Judge.

Action by Ed Burgess against the Oklahoma Union Railway Company for damages. Judgment for plaintiff, and defendant appeals. Affirmed.

Grant & Grant. for plaintiff in error.

Edgerton & Vickers, for defendant in error.

MASON, V. C. J. The defendant in error, hereinafter referred to as the plaintiff, recovered judgment against the plaintiff in error, hereinafter referred to as the defendant, for personal injuries and for damages to his automobile, alleged to have occurred by reason of a collision between one of the defendant's interurban cars and the automobile of the plaintiff on the main street of Sapulpa.

The defendant has duly perfected its appeal to this court, and for reversal it is first urged that the trial court 'erred in overruling defendant's objection to the introduction of any testimony on behalf of plaintiff. It is urged that the petition of the plaintiff fails to state a cause of action. As a general rule to constitute actionable negligence, where the alleged wrong is not willful and intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure. Chicago, R. I. & P. Ry. Co. v. McIntire, 29 Okla. 797, 119 Pac. 1008.

The petition herein, omitting the formal parts, reads as follows:

"That on or about the 24th day of May, 1925, and some two or three hours after sundown on said day: said plaintiff was in his automobile on the east side of North Main street. between Dewey avenue and Hobson street. in the city of Sapulpa, Creek county, Okla.; that said street is a public highway, and that said plaintiff had a lawful right to be upon said street. where he was as aforesaid; that said defendant has a steel track for its interurban car running up and down said street; that at the time aforesaid said defendant negligently, carelessly, and wholly disregarding the rights of this plaintiff, ran one of its interurban cars into the automobile of this plaintiff."

It is then alleged that because of said negligent and careless act, and as a direct and probable consequence thereof, the plaintiff's automobile was damaged and the plaintiff received certain personal injuries, which are described.

The allegations of the petition are very incomplete, indefinite, and uncertain as to the necessary allegations required under the rule announced in Chicago. R. I. & P. Ry. Co. v. McIntire, supra, and probably would not be sufficient against a motion to make more definite and certain, or a demurrer, but neither of these was interposed.

Where the plaintiff's pleading is general in its allegations of negligence and the defendant desires to know upon what particular acts of negligence the plaintiff relies, he must move to have the petition made more definite and certain; otherwise, the plaintiff may introduce any competent evidence tending to show the negligence of the defendant. See 20 R. C. L. 176.

In 25 R. C. L. 1294, it is said:

"The rule as to pleading negligence in actions against street railroad companies is certainly no more strict with reference to averring negligence than that applicable to ordinary railroads, but is probably somewhat more liberal in some respects in view of the fact that such street railroads operate in public streets, where the person injured could seldom be regarded as a trespasser, and would not. therefore, be called upon to show his right to be at the place where he was when injured. Thus, it has been held sufficient, in an action against a street railway company for damages for personal injuries alleged to have been caused by the negligence of the defendant in running a car against the plaintiff in the operation of its railway, to allege such negligence generally. So, an allegation, in an action against a street railway company for a collision with the carriage in which the person injured was riding, that the defendant negligently drove its car against the carriage, is sufficient; it is not necessary to set forth the variety of circumstances which might have contributed to the negligence, since that would be to plead the evidence."

In Hines v. Pershin, 89 Okla. 297, 215 Pac. 599. we held as follows:

"The proper practice to challenge the sufficiency of a petition is by demurrer, and where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought."

From the foregoing, we must conclude that the trial court did not err in overruling defendant's objection to the introduction of evidence.

The next proposition urged by the plaintiff in error is that the evidence is insufficient to support the verdict of the jury and that the trial court erred in overruling defendant's demurrer to plaintiff's evidence, and overruling defendant's motion for an instructed verdict.

The evidence of the plaintiff, in substance, is as follows:

That the interurban tracks of the defendant company come from the east and make a right angle turn to the south on Main street in said city about a half a block north of where said accident occurred; that plaintiff started to back his automobile, which was parked on the east side of said street facing northeast; that when he had backed said automobile to where it protruded over the tracks of the defendant, he stalled or killed his engine; that at that time the defendant's interurban car was turning into Main street and coming toward the plaintiff; that it was 50 or 60 feet away at that time; that the plaintiff could not get his automobile off the tracks because the starter failed to work; that the motorman on the defendant's car either saw, or had he been looking down the tracks, could have seen, plaintiff's automobile stalled on the track; that no effort was made by the motorman to stop said car and that the collision resulted.

The defendant's evidence went to show that its interurban car was already opposite the automobile of the plaintiff before the plaintiff backed out from his parking place, and that the plaintiff backed his car into the interurban car of the defendant.

The jury, by returning a verdict for the plaintiff, must have believed the evidence of the plaintiff, and we must consider it as the facts in the case in discussing the legal questions involved.

It is also insisted that the trial court erred in admitting evidence of the plaintiff that the motorman of the defendant's car could have seen the plaintiff on the track if he had been looking. Counsel contend that the defendant owed the plaintiff no duty until his presence on the track was discovered by defendant's motorman, and the plaintiff having failed to show that the motorman saw him on the track before the collision, it was immaterial whether the defendant might have discovered the peril of the plaintiff by the exercise of ordinary care.

We are familiar with the cases of A., T. & S. F. Ry. Co. v. Miles, 69 Okla. 138, 170 Pac. 896. and Lusk 'et al. v. Haley, 75 Okla. 206, 181 Pac. 727, cited by the plaintiff in error, which hold that a railroad company in the operation of its trains does not owe an unauthorized person, upon its tracks, the duty to use ordinary care in discovering such person on its tracks or in a position of danger, but that the company must use ordinary care to avoid doing him an injury only after discovery of his peril. This rule applies to unauthorized persons upon the

tracks of a railway operated on its own right of way, but it certainly could not be applicable to the street railways. The plaintiff in the instant case was not "an authorized person upon the tracks" of the defendant. Both had a right to use the street, but neither had an exclusive right, and all persons using said street owed all others the duty of using ordinary care in their use so as not to injure others.

We adopt the rule as announced in 25 R. C. L. 1251. under the general heading of "Street Railways." wherein it states:

"It is the duty of the motorman to keep a lookout for vehicles on the track, and to give timely warning of the approach of the car, when he discovers, or in the exercise of ordinary care by keeping a lookout, should discover, the presence of vehicles on the track in a place of apparent peril, and to exercise ordinary care to prevent a collision, and a failure to do so is negligence."

The mere presence of a vehicle on the track does not call for instant action by the motorman to check the car's speed, but when conditions are such that he ought to realize that there is danger of a collision, he should do so. And when it becomes apparent that the track is occupied by a vehicle which cannot be gotten off in time to avoid a collision, it is the duty of the motorman to bring the car to a stop.

We therefore, reach the conclusion that the trial court properly admitted the evidence complained of, and that the evidence of the plaintiff was sufficient to establish primary negligence in the defendant.

Therefore, the trial court did not err in overruling defendant's demurrer to plaintiff's evidence and in denying defendant's motion for an instructed verdict.

Counsel for plaintiff in error next contend that instruction No. 7, given by the court, was erroneous, but, under the views herein expressed, the instruction was proper.

For the reasons stated, the judgment of the trial court is affirmed.

The defendant in error, in his brief, has called attention to the fact that the record herein discloses that the plaintiff in error has filed its supersedeas bond, and he asks that judgment be rendered on said bond in case the judgment of the trial court is affirmed. It appearing that he has complied with the rules of this court, the motion is sustained and judgment for defendant in error is hereby rendered on said supersedeas bond.

BRANSON, C. J., and PHELPS, LESTER, CLARK, RILEY, and HEFNER. JJ., concur.