Argued at Pendleton November 1; affirmed December 28, 1938

# REW *v.* DORN

(85 P. (2d) 1031)

*C. Z. Randall,* of Pendleton (Randall & Perry, of Pendleton, on the brief), for appellant.

*John F. Kilkenny,* of Pendleton (Raley, Kilkenny & Raley, of Pendleton, on the brief), for respondent.

RAND, J.   The plaintiff was injured in a collision of an automobile driven by her husband in which she was riding and one driven by the defendant. The accident happened in the afternoon of February 10, 1936, at the intersection of two streets in the town of Echo. The complaint charged the defendant with various acts of negligence causing the injury. The defendant answered, setting up contributory negligence on the part of the plaintiff and her husband and further setting up three affirmative defenses, in one of which the defendant alleged, in substance, that just as he was about to enter the intersection, owing to the icy condition of the street, his car skidded and went out of control and that, while so out of control, both plaintiff and her husband saw the dangerous situation in which the defendant was placed by reason of his car being out of control in sufficient time to have avoided the collision, either by stopping the car or turning it to one side, and, with such knowledge upon their part, they failed to exercise any diligence whatever to avoid the collision and that, by reason thereof and not because of any negligence on the part of the defendant, the plaintiff sustained the injury complained of.

The facts thus alleged were sufficient if established upon the trial to entitle the defendant to the application of the last clear chance doctrine.

At the close of the testimony, the court instructed the jury to the effect that, if the plaintiff and her husband saw or, by the exercise of reasonable diligence,

would have seen that the defendant was in a place of danger and that, only by the exercise of reasonable diligence on their part, they could avoid injuring him and failed to exercise such diligence, then the plaintiff cannot recover. The jury returned a verdict in favor of the defendant and judgment was entered thereon. On motion of the plaintiff, the same was set aside and a new trial granted. The action of the court was based principally upon the supposed error in the giving of said instruction. From this judgment granting a new trial, the defendant has appealed.

At the trial plaintiff and her husband both offered testimony tending to show that they did not see defendant's automobile enter the intersection in time to avoid the collision. There also was some testimony tending to show that, if they had been looking, they would have seen it and could have avoided the collision.

Under this state of facts, the instruction complained of was given and, in effect, the jury was told that, although the jury should find that the plaintiff and her husband did not discover defendant's peril in time to avoid injuring him or his property, yet the plaintiff could not recover from the defendant if, by looking, they would have seen the perilous situation in which the defendant then was in time to have avoided the accident.

In some jurisdictions it is held that the last clear chance doctrine not only applies to cases where the defendant or his agent had actual knowledge of the danger but also in cases where, by the exercise of reasonable diligence upon their part, they would have known of the danger in time to have avoided the accident. In this state, however, it is well settled that, before this doctrine can apply, there must be actual

knowledge and that the defendant is not liable because he ought to have known but only because he did know of plaintiff's danger in time to have avoided injuring him. See *Landis v. Wick*, 154 Or. 199, 230 (57 P. (2d) 759, 59 P. (2d) 403); *Dorfman v. Portland Electric Power Co.*, 132 Or. 648 (286 P. 991); *Morser v. Southern Pacific Co.*, 110 Or. 9, 17 (222 P. 736), and the authorities there cited. In *Marshall v. Olson*, 102 Or. 502 (202 P. 736), it was held that:

"The last clear chance doctrine is not to be invoked exclusively against a defendant but it may affect a plaintiff as well, so that if the latter sees the situation and knows that an injury could be avoided by action on his part at that juncture, it is his duty to take such action, although the defendant by his negligence brought about the perilous condition of affairs."

■ Under these decisions, when the injured party negligently places himself or his property in a place of danger, the duty of all persons to use ordinary care to avoid injuring him or his property begins when his position and consequent peril are discovered—not when his position and peril might have been discovered.

■ Hence, under the settled law of this state, the instruction given was erroneous and warranted the action of the court in granting a new trial. The judgment, therefore, is affirmed.

Rossman and Kelly, JJ., not sitting.